<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| CALVIN B. BROOKS, | : | |
| | : | Civil Action No. 14-7474  (JMV) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| KEVIN DARDZINSKI, *et al*., | : | |
| | : | |
| Defendants. | : | |
| | : | |

APPEARANCES:

Calvin B. Brooks
NYSID:  09136609H
15-15 Hazen Street
East Elmhurst, NY 11370
        Plaintiff, *pro se.*

**VAZQUEZ, United States District Judge**

      Plaintiff Calvin B. Brooks, an inmate confined in the Anna M. Kross Center ("A.M.K.C.,") correctional facility in East Elmhurst, New York, filed this action on December 1, 2014.  (ECF No. 1.)  Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 on March 2, 2015.  (ECF No. 5.)  This matter was reassigned to the undersigned on February 25, 2016.  For the reasons discussed below, the Court will grant Plaintiff's IFP application; dismiss the Complaint in part and permit it to proceed it in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); and order Plaintiff to show cause why this action should not be transferred to the United States District Court, Southern District of New York, pursuant to 28 U.S.C. § 1404(a).

I.     DISCUSSION

A.     *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (internal quotation marks omitted). "Court personnel reviewing pro se pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, *Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York*, 30 Fordham Urb. L.J. 305, 308 (2002)).

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), district courts must review complaints filed by prisoners in civil actions and dismiss any claim that is frivolous or malicious,[1] fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

---

[1] A claim is frivolous if the factual allegations are delusional, irrational, or wholly incredible. *Hines v. U.S.*, 166 F. App'x 610, 611 (3d Cir. 2006) (per curiam) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Certain of the facts alleged in the Complaint sound delusional. Nevertheless, the Court is required to liberally construe the Complaint, and having done so cannot conclude that Plaintiff has no rational basis for his underlying claims of unreasonable search and seizure and excessive force even when considering the seemingly delusional claims. Therefore, the Court will permit the Complaint to proceed consistent with this Opinion.

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint[.]" *Id.* Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

B.   The Complaint

In summary, Plaintiff alleges in the Complaint:

> Members of the New York City Police Department (the Bureau Squad), Detective Kevin Dardzinski, Shield #06459, John Doe and Jane Doe, came to my residence acting without state jurisdiction, dressing in civilian clothes, no arrest warrant, and without being accompanied of Newark Police Department and/or local authority, located at 10 Hill Street, Apt. 7-U, Newark, New Jersey, 07102. Detective Kevin Dardzinski, and the other members threatened to kill me and my mother, if I don't give up a list that on a flash-drive, list of Crooked New Jersey and New York law enforcement and other state officials, and also threatened me to drop the complaint and not to testify against a New Jersey state official, Laurie J. Taylor, who also threaten my life and my family.[2]

(ECF No. 1 at 2.) Plaintiff further alleges that Detective Kevin Dardzinski fabricated a New York arrest warrant and a New Jersey search warrant, leading to his illegal detention. (*Id.*)

---

[2] The paragraph is cited verbatim. Grammar and punctuation are as Plaintiff submitted.

3

Upon his arrest, Plaintiff alleges he was pistol-whipped by Detective Edward Buddin, who also pointed a gun at Plaintiff's head and hung Plaintiff outside the window by his legs for five or ten minutes while questioning him. (*Id.*, ¶24.) Plaintiff also alleges he was beaten and drugged by members of the New York Bureau Squad on his way to the Essex County Correctional Facility. (*Id.*, ¶25.) Plaintiff signed a waiver of extradition, and he was transported to a precinct in Manhattan on March 3, 2014. (*Id.*, ¶¶27-28.) After he arrived in Manhattan, Plaintiff alleges Detective Dardzinski and others beat him with a phone book on multiple occasions. (*Id.*, ¶¶28-29.)

Plaintiff claims Defendants violated his rights under the Fourth and Fourteenth Amendments. (ECF No. 1 at 2, and ¶¶24-25.) Plaintiff also asserts claims under 18 U.S.C. §§ 241,[3] 242[4] and 18 U.S.C. § 1001[5] against Detectives Kevin Dardzinski and Edward Buddin of the

---

[3] 18 U.S.C. § 241 provides, in relevant part, that conspiracy "to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same" is punishable by fine or imprisonment for not more than ten years . . ."

[4] 18 U.S.C. § 242 provides:

> Whoever, under color of any law . . . willfully subjects any person in any State . . . to the deprivation of any rights . . . secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both . . .

[5] 18 U.S.C. § 1001(a) provides:

> (a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--

4

New York City Police Department and the Bureau Squad of the New York City Police Department. (ECF No. 1 at 1.)

## II.  DISCUSSION

A.  <u>Jurisdiction</u>

A private citizen cannot bring any type of criminal claim against another citizen because "private persons do not have a 'judicially cognizable interest in the prosecution ... of another.'" *Kent v. Heridia*, 478 F. App'x 721, 723 (3d Cir. 2012) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Therefore, the Court will dismiss Plaintiff's claims brought pursuant 18 U.S.C. §§ 241, 242, 1001.

Liberally construing the Complaint, Plaintiff also asserts jurisdiction under 42 U.S.C. § 1983, by alleging violation of his rights under the Fourth and Fourteenth Amendments by state actors. 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

---

> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
>
> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
>
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
>
> shall be fined under this title, imprisoned not more than 5 years . . .

Therefore, jurisdiction is proper under 42 U.S.C. § 1983.

      B.    <u>Venue</u>

28 U.S.C. § 1391(b) states:

> (b) Venue in general.--A civil action may be brought in—
>
>> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>>
>> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . .

All individual defendants are New York police officers. Plaintiff is also currently incarcerated in New York. A substantial part of the alleged events giving rise to the claims occurred in New Jersey.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The Third Circuit has not decided whether a district court may *sua sponte* transfer venue under § 1404(a). *Rudolph v. HR Specialist, Inc.*, 37 F.Supp.3d 740, 743 n.3. (D. Del. April 11, 2014). Thus, courts within this Circuit have held that a court may *sua sponte* transfer a case, but only after allowing the parties to brief the transfer issue. *Id.* (citing *Johnson v. U.S. Bancorp*, 2012 WL 1133689 (D. Del. Mar. 30, 2012); *Bank Express Int'l v. Kang*, 265 F.Supp.2d 497, 507 n. 12 (E.D. Pa.2003); *see also Fiorani v. Chrysler Group*, 510 F. App'x 109, 111 (3d Cir. 2013) (*sua sponte* dismissal with prejudice of *in forma pauperis* complaint was not appropriate sanction for improper venue, rather, district court should have considered whether interests of justice warranted transfer of complaint to appropriate venue)).

6

Plaintiff is presently confined in A.M.K.C., a correctional facility in East Elmhurst, New York. Presumably the defendants, New York police detectives, reside in New York. Therefore, venue in New York is appropriate under 28 U.S.C. § 1391(b)(1). New York has an interest in adjudicating claims of civil rights violations by its civil servants. New York appears to be the most convenient place for trial because all parties are located there. Thus, the Court will request that the parties brief the issue of venue. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (courts should "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum") (quoting 15 Wright, Miller & Cooper § 3847.)

C.    42 U.S.C. § 1983

"In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." *Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (quoting *DeBellis v. Kulp*, 166 F.Supp.2d 255, 264 (E.D. Pa.2001). *See also Johnson v. New York City Police Department*, 651 F. App'x 58, 60 (2nd Cir. 2016) ("Under New York Law, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law") (quoting N.Y.C. Charter Ch. 17 § 396)). As a result, the Bureau Squad of the New York City Police Department will be dismissed from the action because is not a proper defendant under 42 U.S.C. § 1983.

Plaintiff's § 1983 claims under the Fourth and Fourteenth Amendments against Detective Kevin Dardzinski for unlawful search and seizure and using excessive force, and against Detective

Edward Buddin for using excessive force, may proceed past screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

### III. CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff's IFP application; dismiss with prejudice the claims against the Bureau Squad of the New York Police Department; proceed the unlawful search and seizure claims against Detective Dardzinski, and excessive force claims against Detectives Dardzinski and Buddin; and order Plaintiff to show cause why this case should not be transferred to the United States District Court, Southern District of New York, pursuant to 28 U.S.C. § 1404(a).

An appropriate Order follows.

Dated: November 17, 2016          s/ John Michael Vazquez
                                                JOHN MICHAEL VAZQUEZ
At Newark, New Jersey          United States District Judge